# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI LIAN KE,<br>　　　　Plaintiff,<br>　v.<br>SUZANNE ROMERO,<br>　　　　Defendant. | Case No. 17-cv-05666-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket Nos. 6-11 |

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's initial pleading failed to state a claim upon which relief may be granted and granted Plaintiff leave to file an amended complaint. *See* Docket No. 5. The Court cautioned Plaintiff that failure to file an amended complaint by the deadline would result in the dismissal of this action. *See id.* at 8. Plaintiff did not file an amended complaint, and the deadline by which to do so has long passed.

Although Plaintiff failed to file an amended complaint, she did file document entitled "affidavit: response to judge." Docket No. 10. In that document, she stated only that her action concerned private property and not child custody. Regardless of whether the action concerns property or child custody, the document does not provide the information the Court directed Plaintiff to provide in an amended complaint, and fails to state a claim upon which relief may be granted. Accordingly, this action is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has filed a request under the Freedom of Information Act (FOIA) and the Privacy Act to obtain copies of the case file for this action as well as fourteen other actions. Docket No. 6. Her requests are DENIED. FOIA, 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, generally apply to agencies in the Executive Branch of the United States of America, but do not apply to the

federal courts. *See Warth v. Department of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) ("definition of the term 'agency' expressly exempts 'the courts of the United States' from the [FOIA's] operation. 5 U.S.C. § 551(1)(B). Thus, the provisions of the FOIA impose no obligation on the courts to produce any records in their possession.'") The Privacy Act uses the same definition of agency as FOIA. *See* 5 U.S.C. § 552a(a)(1); *see also id.* at §§ 551(1)(B), 552(f). A federal court therefore is not subject to the Privacy Act. *See Ramirez v. Department of Justice*, 594 F. Supp. 2d 58, 62 (D. D.C. 2009), *aff'd* 2010 WL 4340408 (D.C. Cir. 2010). Plaintiff is not entitled to any documents from the Court under either FOIA or the Privacy Act.

As a courtesy, the clerk will send her a copy of the docket sheet for this action, as well as the initial pleading, and the Court's orders in this action. A courtesy copy of the entire file will not be provided because there are many pages in the case file, and most of those pages are low-value items like copies of envelopes and requests for photocopies from the plaintiff. Also, Plaintiff has requested documents from numerous other cases she has filed, increasing the burden of providing copies to her. If Plaintiff wants specific documents from the case file, she should use the Court's photocopy order form to order those documents. Plaintiff is cautioned that she must pay for copies of any documents she orders.

Plaintiff has requested a certified copy of the oaths of office for the undersigned and for Judge Chhabria and Magistrate Judge Kim. Docket No. 7. The request is DENIED because the Court does not have or provide a certified copy of the oath of office for individual judges. If Plaintiff is curious about the particular language in the oath of office that is administered to federal judges, that may be found at 28 U.S.C. § 453.

Plaintiff has moved to calendar a hearing date so that she can be brought to the courthouse, and to schedule an in-chambers meeting with the undersigned. Docket Nos. 8, 9. These motions are DENIED. There is no need for a hearing in this closed case. And the Court does not meet ex parte with litigants.

///

///

///

Plaintiff's motion to proceed immediately is DENIED because this action is being dismissed today. Docket No. 11.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2018

_____
EDWARD M. CHEN
United States District Judge